IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50822
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAVIER JIMENEZ-HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-459-ALL-DB
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Javier Jimenez-Hernandez appeals the 46-month term of imprisonment imposed following his guilty plea conviction of being found in the United States after removal in violation of 8 U.S.C. § 1326. He contends that the sentence is invalid because it exceeds the two-year maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

Jimenez-Hernandez complains that his sentence was improperly enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior removal following an aggravated felony conviction. He argues

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the sentencing provision violates the Due Process Clause. Alternatively, Jimenez-Hernandez contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment. Jimenez-Hernandez acknowledges that his arguments are foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but seeks to preserve the issues for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Jimenez-Hernandez's arguments are foreclosed. The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.